IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HUGH EZEKIEL REID, | ) Civil Action No. 3:05-0488-HFF-JRM |
| Petitioner, | ) |
| vs. | ) |
| MATTHEW B. HAMIDULLAH, WARDEN, FCI-ESTILL, | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Hugh Ezekiel Reid ("Reid"), was a prisoner at FCI-Estill.[1] He filed this action on February 24, 2005, pursuant to 28 U.S.C. § 2241.[2] He alleges that the Bureau of Prisons ("BOP") has misinterpreted 18 U.S.C. § 3624(b) and, therefore, miscalculated the good conduct time ("GCT") to which he is statutorily entitled. Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on May 10, 2005. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on June 10, 2005. Reid filed his response on June 20, 2005.

Title 18 U.S.C. § 3624(b)(1) states:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with

---

[1] Reid was transferred to an institution in another district.

[2] This case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c).

>institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The BOP has promulgated interpretive guidelines for this statute set forth in 28 C.F.R. § 523.20(a)(1) & (2) and in its Program Statement 5880.28, Sentence Computation Manual - CCCA. (Res. Mem., Ex. 1). Under these guidelines, an inmate is not entitled to GCT for the first year he serves of his sentence, he may earn 54 days of GCT for each full year served on his sentence in excess of one year, and GCT may be earned on a prorated basis for the final (partial) year of his sentence.

Reid was sentenced to three hundred sixty months for armed bank robbery in the Southern District of Florida. He appears to allege that he is automatically entitled to 54 days of GCT for each year of imprisonment (30 years), 1620 days. According to Reid, he cannot be required to serve more than 85% of his sentence because of his entitlement to GCT, but the BOP calculation requires him to serve 87% of his sentence. Reid's argument appears to rely on an alleged statement by Senator Biden that federal prisoners should receive a 15% reduction of their sentences based on their good behavior. (Response, p. 2).

This case is one of a number filed challenging BOP's interpretation of § 3624(b) after White v. Scibana, 321 F.Supp.2d 1037, (W.D.Wis. 2004) found it incorrect. However, the reasoning of this district court was rejected. See White v. Scibana. 390 F.3d 997 (7th Cir.), cert.

2

denied, 125 S.Ct. 2921 (2005). The Fourth Circuit has upheld the BOP's method of calculation of GCT, Yi v. United States, 412 F.3d 526 (4th Cir. 2005).[3] The undersigned finds that Yi is controlling and compels a finding that Reid's argument is without merit.

After a review of the record, the undersigned recommends that respondent's motion for summary judgment be granted.

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

January 27, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[3] In Yi, the Fourth Circuit recognized that the phrase "term of imprisonment" used in § 3624(b) was ambiguous. Finding no help in resolving the ambiguity from the legislative history, the court deferred to the agency (BOP) interpretation finding it reasonable. The Court rejected the argument that "GCT must be awarded based on the length of a prisoner's sentence" 412 F.3d at 530 and concluded that the "BOP reasonably interpreted [§ 3624] so as to require the calculation of GCT based upon the inmate's time served." Id. at 534.

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
